**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3049-19

ALTON L. HOWARD and
LATOYA L. HOWARD,
his wife,

     Plaintiffs,

V.

MOORE STONE, INC.,

     Defendant-Respondent,

and

PROGRESSIVE INSURANCE
COMPANY,

     Defendant,

and

NATIONAL UNION
FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

     Defendant-Appellant.

_____

Argued July 13, 2021 – Decided August 3, 2021

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3906-18.

Peter M. Perkowski, Jr., argued the cause for appellant (Riker Danzig Scherer Hyland & Perretti, LLP, attorneys; Anthony J. Zarillo, Jr., of counsel and on the briefs; Peter M. Perkowski, Jr., on the briefs).

Paul Daly argued the cause for respondent (Hardin, Kundla, McKeon & Poletto, PA, attorneys; Paul Daly, on the brief).

PER CURIAM

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) appeals from the trial court's February 18, 2020 order granting summary judgment to defendant Moore Stone, Inc. (Moore Stone). Because we conclude the trial court failed to consider the facts in the light most favorable to the non-movant, and to draw all inferences in the non-movant's favor, we reverse.

On the morning of October 5, 2016, plaintiff Alton L. Howard was collecting garbage along Passaic Avenue in Passaic as part of his employment with Interstate Waste Services (IWS). At approximately 7:29 a.m., Howard stepped out from between two parked cars to speak with a homeowner across

2

the street and was struck by an oncoming vehicle. The collision caused Howard to lose consciousness.

The homeowner with whom Howard was speaking - Marc Nash - witnessed the incident. During his deposition, Nash testified that he observed a "red pickup truck" with a "silver bumper" strike Howard and drive away. The impact knocked off the truck's passenger side mirror, which Nash later gave to Passaic police. Nash was unable to record the truck's license plate number and could not recall whether it was carrying any special equipment. However, he did tell responding officers it was a "working" truck.

Approximately three to four months later, Howard returned to his job and was again working near Passaic Avenue when he saw a red pickup truck. Because he had "always . . . [been] on the lookout for a red truck" since the incident, Howard ran to the truck and inspected its right side. After observing "a black mirror taped with gray duct tape . . . on the right side, [he] said that had to be it." Howard informed his attorney that the truck had "Moore Stone" written on its door.

Thereafter, Howard and his wife Latoya filed an amended three-count complaint on January 28, 2019. The first count alleged Moore Stone was the owner/operator of the red pickup truck and that its negligence caused Howard's

injuries. The second and third counts sought uninsured motorist benefits from Latoya's automobile insurer and/or National Union (IWS's auto insurer). Plaintiffs later dismissed their claim against Latoya's insurance company.

Clifford Moore - the owner of Moore Stone - was deposed. He explained that Moore Stone's business consisted of picking up countertops from fabricators and installing them. In October 2016, Moore Stone had a fleet of four pickup trucks—including a red one with a silver bumper. According to Moore, after completing work for the day, Moore Stone employees would park the trucks overnight in a vacant parking lot in Passaic.[1]

Moore further testified that during October 2016, Moore Stone was only working with one fabricator, who was located in Somerset, New Jersey. He stated that on the morning of October 5, his employees picked up the trucks in Passaic between 6:00 and 6:15 a.m. and drove to Somerset to pick up materials by 7:15 a.m.—about fifteen minutes before Howard's accident. Moore did not pick up his truck that day in Passaic. He drove to the fabricator directly from his home. His testimony was based on what generally occurred each day. He did not have a specific recollection of what occurred on that particular day.

---

[1] National Union produced information showing that the parking lot is located less than two miles from the location where Howard was struck by the red truck.

A-3049-19

Although Moore knew he was not driving the red truck on October 5, he could not recall who was. He produced records from Moore Stone showing the trucks' assigned routes on October 5, but he could not identify which truck was the red one. The trucks were not equipped with GPS or dashboard cameras and the fabricator did not have a system requiring Moore Stone employees to sign in, clock in, or otherwise record their arrival or departure time.

Moore also testified that Moore Stone's red truck had been sideswiped in Manhattan about a year before Howard's accident, resulting in the loss of the truck's passenger side mirror. Moore stated he purchased and installed a new mirror before October 2016.[2] The accident was not reported to the police and Moore Stone did not file an insurance claim. Finally, Moore testified that he left the red pickup truck at an auto body shop in 2016 or 2017 because the "engine blew." He assumed it was "junked." He did not have any documentation regarding the disposal of the truck.

Moore Stone moved for summary judgment. National Union opposed the motion and filed a cross-motion seeking a bifurcated trial. National Union further contended that if the court granted Moore Stone's summary judgment

---

[2] Moore later produced a receipt showing a mirror was purchased in November 2015.

A-3049-19

motion, Howard's uninsured motorist claim was subject to mandatory arbitration.[3]

After hearing oral argument on the motions, the trial court issued orders on February 18, 2020 granting Moore Stone's summary judgment motion and granting National Union's cross-motion to compel arbitration.

In an accompanying written memorandum of decision, in considering Moore Stone's motion, the judge found "there [was] no genuine issue of material fact precluding summary judgment."  She noted that although the parties disputed whether Moore Stone owned the truck that hit Howard, it was not contested that Howard and Nash were unable to identify the truck's driver or recall any writing on the truck.  The judge stated the fact that the pickup truck Howard saw several months after his accident had a replacement duct-taped mirror was not "enough to create a genuine issue of material fact."  Therefore, the court held that "no reasonable juror could find" Moore Stone's negligence caused Howard's injuries.

Our review of a ruling on summary judgment is de novo.  We apply the same legal standard as the trial court.  Green v. Monmouth Univ., 237 N.J. 516,

---

[3] IWS had a National Union Business Auto policy in effect that permitted either the insurer or the insured to make a written demand for arbitration in the event of a disagreement regarding uninsured motorist coverage.

6

529 (2019) (citation omitted). Therefore, we consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "If there is no genuine issue of material fact, we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Rep. & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted). We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

On appeal, National Union contends the trial court erred in granting summary judgment to Moore Stone because "Nash's and Howard's deposition testimony as eyewitnesses to the accident, together with very damaging

A-3049-19

inferences that can reasonably be drawn from the totality of evidence and Moore's evasive deposition testimony, create a genuine issue of material fact" as to whether Moore Stone owned the red truck involved in the incident.

In evaluating a summary judgment application, "[i]t [is] not the court's function to weigh the evidence and determine the outcome but only to decide if a material dispute of fact exist[s]." Gilhooley v. Cnty. of Union, 164 N.J. 533, 545 (2000) (citing Brill, 142 N.J. at 540). Here, the trial court held there was no genuine dispute of material fact precluding summary judgment because no reasonable juror could conclude that Moore Stone owned the red truck involved in the accident. We disagree.

National Union presented sufficient evidence to require submission of the case to a jury for its consideration. Nash saw a red pickup truck with a silver bumper strike Howard. The force of the collision knocked the passenger side mirror off the truck. Several months later, Howard observed a red truck with a silver bumper near the area of the accident; the truck's passenger side mirror was attached with duct tape. Moore Stone owned a red truck with a silver bumper and parked it each night less than two miles away from where Howard was struck.

A-3049-19

Although Moore testified that his trucks were not in the area of Howard's accident at the time it occurred, he could not present any corroborating evidence. He did confirm that the red truck was driven that morning from the lot located less than two miles from the scene of the accident. He also had an explanation regarding the repaired side mirror. All of the proffered testimony and evidence created issues of disputed facts.

It is a fact-finder's province – a jury here – to assess the parties' and witnesses' credibility, weigh the evidence, and make determinations regarding these events. In viewing the facts in the light most favorable to Howard and National Union, a reasonable jury could find that Moore Stone owned the red truck that struck and injured Howard. We therefore reverse the order granting summary judgment and vacate the order compelling arbitration.

Reversed, vacated, and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3049-19